UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAURA CUEVAS,

    Plaintiff,

v.     Case No: 2:18-cv-371-FtM-99CM

VERIZON WIRELESS PERSONAL COMMUNICATIONS, LLP, EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on Defendant Verizon Wireless Personal Communications, LLP's Motion to Compel Arbitration and to Stay (Doc. #21) filed on July 5, 2018. Plaintiff filed a Response in Opposition (Doc. #28) on July 30, 2018. For the reasons set forth below, the Motion is denied without prejudice.

**I.**

Plaintiff Laura Cuevas initiated this action on May 29, 2018, by filing an eight-count Complaint (Doc. #1) against defendants under the Fair Credit Reporting Action, 15 U.S.C. § 1681 et seq. (FCRA), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. (FCCPA) stemming from her cancellation of a cellular phone service agreement with Verizon Wireless.

Defendant Verizon Wireless Personal Communications, LLP (Verizon) seeks to enforce an arbitration agreement, stay the case, and compel arbitration. Plaintiff does not dispute the substance of the Agreement, but argues that under Florida law, the parties formed no valid agreement to arbitration because it was only signed by plaintiff and not by either Best Buy or Verizon.

What follows is a brief summary of the facts: On March 13, 2016, plaintiff visited a Best Buy store in Naples, Florida to purchase new cellular phones. Plaintiff purchased three cellular phones and transferred her cellular service from AT&T to Verizon. Before Verizon activated the phones, plaintiff signed three Retail Installment Contracts to pay the purchase price of each phone over 24 months, agreeing to the Terms and Conditions of the Verizon Wireless Customer Agreement.[1]  (Doc. #21-2.)  On that date, Verizon had a 14-day money back return and cancellation policy for wireless devices.

Unsatisfied with the services provided, plaintiff visited the same Best Buy store and returned the cellular phones within the fourteen-day return and cancellation period. Despite the return, Verizon sent plaintiff bills demanding payment of $2,326, the cost

---

[1] True and correct copies of the Retail Sales Contracts (Doc. #21-2) and the Verizon Wireless Customer Agreement (Doc. #21-3) are attached to the Affidavit of Meryl Friedman, employed by Verizon Corporation Resources Group LLC as a Senior Paralegal. (Doc. #21-1.)

of the cellular phones. Plaintiff disputes the debt because she returned the phones and cancelled her services within the 14-day window and communicated this to Verizon.

When plaintiff did not pay, Verizon contracted with debt collectors to collect the debt and submitted plaintiff's account to Equifax, Experian, and Trans Union, reporting the amount as past due. Plaintiff alleges that the negative reporting has impacted her ability to refinance her home or otherwise obtain credit.

**II.**

The "Retail Sales Contract" details the process for resolving disputes between Verizon and its wireless customers, and provides as follows:

> **AGREEMENT.** THIS RETAIL SALES AGREEMENT (AGREEMENT) REQUIRES THAT YOU AGREE TO AND MAINTAIN SERVICE WITH VERIZON WIRELESS UNDER YOUR CUSTOMER AGREEMENT ALTHOUGH YOUR CUSTOMER AGREEMENT WITH VERIZON WIRELESS IS A SEPARATE DOCUMENT, EXCEPT AS PROHIBITED BY APPLICABLE LAW, THE WAIVERS AND LIMITATIONS OF LIABILITY, DISCLAIMER OF WARRANTIES, AND OTHER PROVISIONS OF YOUR CUSTOMER AGREEMENT ARE INCORPORATED BY REFERENCE IN THIS AGREEMENT, AND SHALL SURVIVE TERMINATION OF YOUR CUSTOMER AGREEMENT. ADDITIONALLY, ANY DISPUTES UNDER THIS AGREEMENT (INCLUDING, WITHOUT LIMITATION, ANY DISPUTES AGAINST THE SELLER AND/OR VERIZON WIRELESS) SHALL BE RESOLVED IN ACCORDANCE WITH THE DISPUTE RESOLUTION PROVISIONS IN YOUR CUSTOMER AGREEMENT UNDER THE HEADING: HOW DO I RESOLVE DISPUTES WITH VERIZON WIRELESS?, WHICH TERMS ARE INCORPORATED BY REFERENCE. SPECIFICALLY, YOU AND VERIZON WIRELESS (AND/OR THE SELLER) AGREE TO RESOLVE ALL DISPUTES UNDER THIS AGREEMENT ONLY BY ARBITRATION OR SMALL CLAIMS COURT AND YOU WAIVE ANY RIGHT TO A JUDGE OR JURY IN ANY ARBITRATION.

(Docs. ##21-2, 21-3, at ¶ 1.)  The "Notice to Buyer" section at the end of the Retail Sales Contract just above the buyer's signature line states in part: "Do not sign this agreement before you read it or if it contains any blank spaces for information that is available at the time you sign this Agreement."; "I acknowledge I have read this agreement and received (paper or electronically) a signed copy from the Seller or Verizon Wireless." (Doc. #21-2, p. 4.)  Although there is no signature on the buyer's signature line, there is a page after the signature line where plaintiff's signature is placed below the following paragraph:

> I acknowledge that Best Buy has on this date presented me with a printed and completed Retail Installment Sales Agreement/Notice to Buyer (the "Agreement") and I was given an opportunity to review the terms, including 24 monthly payments and my right to cancel within 14 days. I understand that Best Buy is not authorized to make or accept any changes to the Agreement and that if there are any markings or strikeouts they are not binding on Best Buy or its assignee VZW.  By signing my name under the Notice to Buyer, I acknowledge that I have read this Agreement and that Best Buy gave me a copy of my signed Agreement.

(Doc. #21-2, p. 16.)

The Verizon Wireless Customer Agreement provides in relevant part:

> **In this Customer Agreement, you'll find important information about your Service, including our ability to make changes to your Service or this agreement's terms, our liability if things don't work as planned and how disputes between us must be resolved in arbitration or small claims court.**

**HOW DO I ACCEPT THIS AGREEMENT?**

You accept this agreement by:

- Agreeing in writing, by email, over the phone, or in person;
- Opening a package that says you are accepting by opening it; or
- Activating your Service.

* * *

**HOW DO I RESOLVE DISPUTES WITH VERIZON WIRELESS?[2]**

**YOU AND VERIZON WIRELESS BOTH AGREE TO RESOLVE DISPUTES ONLY BY ARBITRATION OR IN SMALL CLAIMS COURT. YOU UNDERSTAND THAT BY THIS AGREEMENT YOU ARE GIVING UP THE RIGHT TO BRING A CLAIM IN COURT OR IN FRONT OF A JURY. WHILE THE PROCEDURES MAY BE DIFFERENCE, AND ARBITRATOR CAN AWARD YOU THE SAME DAMAGES AND RELIEF, AND MUST HONOR THE SAME TERMS IN THIS AGREEMENT, AS A COURT WOULD. IF THE LAW ALLOWS FOR AN AWARD OF ATTORNEYS' FEES, AN ARBITRATOR CAN AWARD THEM TOO. WE ALSO AGREE THAT:**

(1) THE FEDERAL ARBITRATION ACT APPLIES TO THIS AGREEMENT. EXCEPT FOR SMALL CLAIMS COURT CASES THAT QUALIFY, ANY DISPUTE THAT IN ANY WAY RELATES TO OR ARISES OUT OF THIS AGREEMENT OR FROM ANY EQUIPMENT, PRODUCTS AND SERVICES YOU RECEIVE FORM US (OR FROM ANY ADVERTISING FOR ANY SUCH PRODUCTS OR SERVICES), INCLUDING ANY DISPUTES YOU HAVE WITH OUR EMPLOYEES OR AGENTS, WILL BE RESOLVED BY ONE OR MORE NEUTRAL ARBITRATORS BEFORE THE AMERICAN ARBITRATION ASSOCIATION ("AAA") OR BETTER BUSINESS BUREAU ("BBB"), YOU CAN ALSO BRING ANY ISSUES YOU MAY HAVE TO THE ATTENTION OF FEDERAL, STATE OR LOCAL GOVERNMENT AGENCIES, AND IF THE LAW ALLOWS, THEY CAN SEEK RELIEF AGAINST US FOR YOU.

* * *

(4) IF EITHER OF US INTENDS TO SEEK ARBITRATION UNDER THIS AGREEMENT, THE PARTY SEEKING ARBITRATION MUST FIRST NOTIFY THE OTHER PARTY OF THE DISPUTE IN WRITING AT LEAST 30 DAYS IN ADVANCE OF INITIATING THE ARBITRATION.

---

[2] This section is also outlined by a box.

>     NOTICE TO VERIZON WIRELESS SHOULD BE SENT TO VERIZON
>     WIRELESS DISPUTE RESOLUTION MANAGER, ONE VERIZON
>     WIRELESS WAY, VC52N080, BASKING RIDGE, NJ 07920. THE
>     NOTICE MUST DESCRIBE THE NATURE OF THE CLAIM AND THE
>     RELIEF BEING SOUGHT. IF WE ARE UNABLE TO RESOLVE OUR
>     DISPUTE WITHIN 30 DAYS, EITHER PARTY MAY THEN PROCEED TO
>     FILE A CLAIM FOR ARBITRATION. WE'LL PAY ANY FILING FEE
>     THAT THE AAA OR BBB CHARGES YOU FOR ARBITRATION OF THE
>     DISPUTE. IF YOU PROVIDE US WITH SIGNED WRITTEN NOTICE
>     THAT YOU CANNOT PAY THE FILING FEE, VERIZON WIRELESS
>     WILL PAY THE FEE DIRECTLY TO THE AAA OR THE BBB. IF
>     THAT ARBITRATION PROCEEDS, WE'LL ALSO PAY ANY
>     ADMINISTRATIVE AND ARBITRATOR FEES CHARGED LATER, AS
>     WELL AS FOR ANY APPEAL TO A PANEL OF THREE NEW
>     ARBITRATORS (IF THE ARBITRATION AWARD IS APPEALABLE
>     UNDER THIS AGREEMENT).

(Doc. #21-3, pp. 1, 7-8.)

### III.

The threshold issue is whether, as a matter of contract formation, there exists an agreement between plaintiff and Verizon to arbitrate disputes related to the Retail Installment Contracts. Plaintiff argues that no valid arbitration agreement exists because Florida's Retail Installment Sales Act (RISCA), Fla. Stat. § 520.30, et seq., requires that the contract be signed by both buyer and seller, and here only plaintiff signed the agreements. Plaintiff also argues that she clearly had no intent to be bound by any agreement because she returned the phones after only five days.

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, applies to arbitration agreements involving interstate commerce. See 9 U.S.C. § 2; Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 113

(2001) (finding that the FAA's coverage provision includes employment contracts). According to the FAA, any "written [arbitration] provision in ... a contract evidencing a transaction involving commerce ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Accordingly, the FAA requires a court to either stay or dismiss a lawsuit and to compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable under ordinary state-law contract principles and (b) the claims before the court fall within the scope of that agreement." Lambert v. Austin Ind., 544 F.3d 1192, 1195 (11th Cir. 2008). A court may only order parties to arbitration when it is "satisfied that the making of the agreement for arbitration ... is not in issue." 9 U.S.C. § 4.

In Bazemore v. Jefferson Capital Sys., LLC, 827 F.3d 1325, 1329 (11th Cir. 2016), the court held that whether an enforceable contract or agreement to arbitrate exists must be examined using a summary-judgment like standard and "a district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement." 827 F.3d at 1333 (quoting Fed. R. Civ. P. 56(a)). "This court has consistently held that conclusory allegations without specific

supporting facts have no probative value" for a party resisting summary judgment. Id. (citing Leigh v. Warner Bros., 212 F.3d 1210, 1217 (11th Cir. 2000) (quotation marks omitted)).

To determine whether an enforceable agreement to arbitrate exists, the Court notes that the Agreement was executed, and plaintiff's claims arose in Florida. "State law, therefore, is applicable to determine which contracts are binding ... if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 630-31 (2009). Indeed, the Retail Installment Contracts at issue here states "Subject to State Regulation" at the top of the first page. (Doc. 21-2.)

In Florida, retail installment sales contracts are governed by RISCA, which states that "[a] retail installment sales contract shall be in writing, shall be signed by both the buyer and the seller, and shall be completed as to all essential provisions prior to the signing of the contract by the buyer." Fla. Stat. § 520.34(1)(a). The Act also provides that "[a]ny waiver by the retail buyer of any provisions of this act or any remedies granted to the buyer by this act shall be unenforceable and void." Fla. Stat. § 520.40.

Here, based upon the documentary evidence produced by Verizon, only plaintiff signed the Retail Installment Contracts (Doc. #21-2.) Only plaintiff's signature is at the end of the

agreements (Doc. #21-2) and Verizon has pointed the Court to no other provision(s) of the agreements that could suffice as Verizon's (or Best Buy's) electronic signature. See Fla. Stat. § 668.50 (An electronic signature may be used to sign a writing and has the same force and effect as a written signature.). Thus, the Court cannot find on this record that there is a valid agreement to arbitrate. It may well be that a signed copy exists or was otherwise delivered or made available to plaintiff, but based upon the documentary proof provided by Verizon the Court cannot make such a determination at this time. Therefore, the Court will deny the Motion without prejudice.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant Verizon Wireless Personal Communications, LLP's Motion to Compel Arbitration and to Stay (Doc. #21) is **DENIED without prejudice.** Verizon's answer to the Complaint is due within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this _22nd_ day of August, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record