UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAURA CUEVAS,

    Plaintiff,

v.

Case No: 2:18-cv-371-FtM-99CM

VERIZON WIRELESS PERSONAL
COMMUNICATIONS, LLP,
EQUIFAX INFORMATION
SERVICES, LLC, TRANS UNION
LLC and EXPERIAN
INFORMATION SOLUTIONS,
INC.,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Compel Defendant, Verizon Wireless Personal Communications, LLP ("Verizon"), to Respond to Discovery filed on October 15, 2018. Doc. 41. Verizon filed a response in opposition on November 6, 2018. Doc. 46. For the reasons stated below, the motion is denied as moot.

On May 29, 2018, Plaintiff filed this case against Defendants Verizon, Equifax Information Services, LLC ("Equifax"), Trans Union LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), alleging violations of Florida law and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* Doc. 1. In summary, Plaintiff alleges that after she purchased and subsequently returned three cellular phones in March 2016, Verizon attempted to collect an invalid debt related to the

phones and Equifax, Trans Union and Experian erroneously reported the invalid debt and damaged Plaintiff's credit score. *See id.* ¶¶ 27-58. On July 5, 2018, Verizon filed a motion to compel arbitration and to stay based on an arbitration provision contained in the Retail Installment Contracts for the phones Plaintiff purchased. *See* Doc. 21. On August 22, 2018, Senior United States District Judge John E. Steele denied Verizon's motion to compel arbitration and to stay and on November 16, 2018 denied Verizon's motion for reconsideration. Docs. 30, 48. On November 28, 2018, Verizon filed an Amended Notice of Appeal of Judge Steele's denial of the motion to compel arbitration and the motion for reconsideration. Doc. 49. Verizon's appeal is currently pending before the United States Court of Appeals for the Eleventh Circuit.

As to Plaintiff's motion to compel, Plaintiff served Verizon with Rule 33 Interrogatories and Rule 34 Requests for Production on July 24, 2018. Doc. 41 at 1, 8-19. Verizon's responses were due on or before August 23, 2018. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Plaintiff states Verizon represented on September 20, 2018 that it would comply with Plaintiff's discovery requests and provide responses. *Id.* at 1-2. As of the date of Plaintiff's motion to compel, Verizon had not responded to Plaintiff's requests. *See id.* at 2. Verizon responds, however, that it never refused to provide the requested discovery to Plaintiff and instead was attempting to negotiate a confidentiality agreement related to some of the documents requested. Doc. 46 at 1. Plaintiff did not seek leave of Court to file a reply to Verizon's response.

As Verizon has agreed to cooperate with Plaintiff and respond to her discovery requests, the motion to compel will be denied as moot. If Verizon does not comply with the requests or its responses are inadequate, Plaintiff may re-file the motion, as appropriate, after the appeal from the denial of the motion to compel arbitration is resolved. *See Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal").

ACCORDINGLY, it is

**ORDERED:**

Plaintiff's Motion to Compel Defendant, Verizon Wireless Personal Communications, LLP, to Respond to Discovery (Doc. 41) is **DENIED as moot.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 3rd day of December, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record