UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAURA CUEVAS,

    Plaintiff,

v.                                Case No: 2:18-cv-371-FtM-29CM

VERIZON WIRELESS PERSONAL
COMMUNICATIONS, LLP, EQUIFAX
INFORMATION SERVICES, LLC,
TRANS UNION LLC, and
EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Reconsideration of This Court's Denial of Plaintiff's Motion to Exclude the Affidavit of Ms. Meryl Friedman and the Customer Service Agreement That Were Submitted to the Court as a True and Accurate Document (Doc. #57) filed on March 5, 2019. Verizon Wireless Personal Communications, LLP (Verizon) filed a Response in Opposition (Doc. #60) on March 19, 2019. For the reasons set forth below, the Motion is denied.

**I.**

This fair credit case[1] is currently stayed pending resolution of Verizon's interlocutory appeal under Section 16 of the Federal

_____

[1] Plaintiff brings claim under the Fair Credit Reporting Act and the Florida Consumer Collection Practices Act.

Arbitration Act from this Court's two orders (Docs. ##30, 48) denying Verizon's Motion to Compel Arbitration. Verizon filed a Notice of Appeal on September 20, 2018 (Doc. #36) and an Amended Notice of Appeal on November 29, 2018 (Doc. #49) after the Court denied Verizon's pre-appeal[2] Motion for Reconsideration. Plaintiff now moves the Court to reconsider its prior Order (Doc. #48) denying plaintiff's Motion to Exclude the Verizon Wireless Customer Agreements pursuant to Federal Rule of Civil Procedure 59(e) based on newly-discovered evidence and allow discovery on the new evidence.[3]

**II.**

Cuevas designates her Motion as one filed under Federal Rule 59(e). However, because plaintiff seeks reconsideration from an interlocutory order, not a final judgment as contemplated by Rule 59, and the Motion was filed outside Rule 59's 28-day time limitation, the Court will consider the Motion under Federal Rule 60(b), which allows for the Court to reconsider a prior *order* under

---

[2] A notice of appeal filed after a motion for reconsideration would not "oust the district court of jurisdiction". United States v. Wilson, 307 F. App'x 314, 315 (11th Cir. 2009).

[3] Plaintiff first moved the Eleventh Circuit to temporarily relinquish jurisdiction to the District Court and to stay the appeal. (Doc. #60, p. 6.) Verizon opposed the motion and further requested in the alternative that the Eleventh Circuit supplement the record with the newly-discovered evidence and allow the appeal to proceed rather than relinquish jurisdiction. (Id.) The motion remains pending before the Eleventh Circuit.

certain circumstances. See Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("A post-judgment motion may be treated as made pursuant to either Fed. R. Civ. P. 59 or 60 - regardless of how the motion is styled by the movant - depending on the type of relief sought.").

**A. Jurisdiction**

"As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003). However, it does not prevent a district court from considering matters in furtherance of the appeal or from "entertaining motions on matters collateral to those at issue on appeal." Id. Consistent with these principles, the Eleventh Circuit has held that district courts retain jurisdiction after the filing of a notice of appeal to entertain and deny a Rule 60(b) motion, but do not possess jurisdiction to grant such a motion. Id. at 1180. In this regard, the Eleventh Circuit instructed that district courts should consider a Rule 60(b) motion and assess its merits. Id. "It may then deny the motion or indicate its belief that the arguments raised are meritorious. If the district court seeks the later course, the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion." Id. Thus, the Court

considers the Motion and assesses its merits, but after doing so the Court finds that the Motion will be denied.

**B. Merits Assessment**

**1. Procedural History**

This case stems from defendants' attempt to collect a $2,326 debt from plaintiff Laura Cuevas, which is the amount she agreed to pay under three Retail Installment Sales contracts for three cellular telephones she purchased at a Best Buy store in 2016. (Doc. #21-2.)  On August 22, 2018, the Court denied Verizon's Motion to Compel Arbitration without prejudice because Verizon had not presented the Court with a copy of the Retail Installment Sales Contracts signed by both plaintiff and Verizon (or Best Buy) as required by Florida's Retail Installment Sales Contract Act, Fla. Stat. § 520.34(1)(a) (RISCA).  (Doc. #30.)  Verizon moved for reconsideration (Doc. #34) and submitted three "Verizon Wireless Customer Agreements" signed by plaintiff only (Doc. #34-1) which were obtained from Best Buy after the Court's ruling on the Motion to Compel Arbitration.  Verizon argued that the three signed customer agreements demonstrate that arbitration was appropriate.

In response, plaintiff argued that the Verizon Customer Services Agreements were not "new evidence" because it appeared that Verizon had the documents in its possession during the briefing of the Motion to Compel Arbitration, or at least before the Court ruled on the Motion to Compel.  Plaintiff also criticized

the effort Verizon employed to obtain the signed Customer Agreements before the Court ruled on the Motion to Compel.

In Reply, Verizon submitted the Affidavit of Meryl Friedman, Senior Paralegal with Verizon, who stated that although it had made a request to Best Buy for the records, it did not receive the signed Customer Agreements from Best Buy until August 31, 2018, nine days after the Court denied the Motion to Compel Arbitration. (Doc. #43-1, ¶ 4, the "Friedman Affidavit".)  Ms. Friedman asserted in her Affidavit that the Customer Agreements are records made in the regular course of business at or near the time of the events described in the documents. (Id., ¶ 2.)

Plaintiff filed a Motion to Exclude the Customer Agreements and the Freidman Affidavit as inadmissible under Federal Rule of Evidence 803(6) (Doc. #45), which the Court denied.  In doing so, the Court stated: "The Customer Agreements also show no indicia of unreliability and plaintiff has otherwise offered no evidence that the signed Customer Agreements are not authentic."  (Doc. #48, n.3.)

After considering the arbitration language set forth in the Customer Agreements, as well as the arbitration language in a lengthier "My Verizon Customer Agreement" (Doc. #21-3), the Court denied the Motion for Reconsideration because it was unable to reconcile the conflicting mandatory and permissible arbitration clauses in each of the documents. (Doc. #48.)

Plaintiff now argues that newly-discovered evidence shows that the Customer Agreements are inherently unreliable and should be excluded from consideration.

**2. The Newly-Discovered Evidence**

While plaintiff was preparing her appellate brief, she "cut and pasted" the PDF Customer Agreement (Doc. #34-1) into a Word document. When she did so, the following language appeared immediately above plaintiff's signature: "**To receive a credit for the Customer activation fee, service cancellations must occur within 3 days of purchase**." (Doc. #34-1, p. 3; Doc. #70-1, pp. 6-11.) This sentence is hidden from the Customer Agreement produced to the Court. Indeed, it appears as if the paragraph immediately above plaintiff's signature is cut off. (Doc. #34-1, p. 3.) Plaintiff argues that this hidden language shows that the Customer Agreements have an indicia of unreliability and makes clear that the Customer Agreements produced to the Court were not "true and accurate" as represented by the Friedman Affidavit. Plaintiff asserts that the hidden language raises a number of questions that must be answered, including whether any other language was in the Customer Agreement was altered. (Doc. #57, p. 4.)

In response, Verizon submits the Declaration of Kwame Sarpong, PCM Director for Best Buy Enterprise Services, Inc. (Doc. #60-2), who has personal knowledge of Best Buy's procedures for

maintaining Verizon's business records relating to the sale of Verizon cell phones. Sarpong explains that the line of text was innocently obscured due to a "technical glitch" when the size of the signature box "electronically captured Plaintiff's signature during the conversion process [and] did not completely align with the spacing in the template Receipt Agreements provided to Verizon." (Doc. #60-2, ¶ 6.) Due to this technical glitch, the signature box image obscured the final sentence of text when it was "mapped" onto the agreement to create the final signed PDF version. (Id.) However, Sarpong states that the obscured text would have been available to plaintiff at the time she signed the Customer Agreements. (Id., ¶ 7.) The PDF versions of the Customer Agreements filed in this Court are the identical PDF versions that Verizon received from Best Buy and Verizon did not change or alter the documents in any way before they were submitted to the Court. (Doc. #60-1, ¶ 4.)

### 3. Rule 60(b) Standard and Application to this Case

The Court considers plaintiff's motion as falling within Rule 60(b)(2) (existence of newly discovered evidence). To succeed under Rule 60(b)(2), a party must prove five elements: (1) the evidence must be newly discovered since the pertinent ruling; (2) the party must have exercised due diligence in discovering the evidence; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence

must be of such a nature that the ruling would probably be different. Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003). A Rule 60(b)(2) motion is "an extraordinary motion and the requirements of the rule must be strictly met." Id. (citations omitted). Here, the Court finds that plaintiff has not met the fifth prong – that the evidence would have changed the Court's Opinion.

The business record exception to the hearsay rule under Federal Rule of Evidence 803(6) states, in relevant part, that a record will be admitted if:

- (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;

- (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

- (C) making the record was a regular practice of that activity;

- (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12). . .

- (E) the opponent does not show that the source of information or the method of circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). "Rule 803(6) requires that both the underlying records and the report summarizing those records be prepared and maintained for business purposes in the ordinary course of business and not for purposes of litigation." United

States v. Arias-Izquierdo, 449 F.3d 1168, 1183-84 (11th Cir. 2006). "We have held that the touchstone of admissibility under Rule 803(6) is reliability, and a trial judge has broad discretion to determine the admissibility of such evidence." United States v. Bueno-Sierra, 99 F.3d 375, 378 (11th Cir. 1996).

The Declaration of Kwame Sarpong explains how the records were made at or near the time of the occurrence by persons with personal knowledge of the information in the record, kept in the course of Best Buy's regularly conducted business activities, and administered and maintained by Best Buy as a regular practice. (Doc. #60-2, ¶ 5.) The fact that the Customer Agreements contain obscured text would not have been a basis to exclude the agreements as the Court has no evidence that the substantive contents (and most importantly the arbitration language) of the Customer Agreements were altered in any way. United States v. Arias-Izquierdo, 449 F.3d 1168, 1183 (11th Cir. 2006) ("The touchstone of admissibility under Rule 803(6) is reliability, and a trial judge has broad discretion to determine the admissibility of such evidence."). And there is no dispute that the arbitration language was included and visible to plaintiff at the time she signed the Customer Agreements. Therefore, the Court denies the request for reconsideration.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Reconsideration (Doc. #57) is **DENIED**.

2. The Clerk is directed to transmit a copy of this Order to the United States Court of Appeals for the Eleventh Circuit.

**DONE and ORDERED** at Fort Myers, Florida, this __27th__ day of March, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Eleventh Circuit Court of Appeals
Counsel of Record